9-1806CR. Is that agreeable, Madam Clerk? Yes, Judge. Yes, that is correct. That's the first case I have for the argument calendar. And we have counsel ready to argue that case? Yes, Judge. That's great. And they've entered their appearances with you. So we'll hear from the appellant's counsel. Yes. Good afternoon, Your Honors. Eunice Lee from the Federal Defenders for Appellant Duval Francois. Your Honors, this court has recognized repeatedly that a special condition of supervised release that bars the defendant from viewing or curtails an important constitutional right is prohibited unless that condition is based on specific findings in the record as to its necessity. Because there is no justification in this record, this special condition should not have been imposed on Mr. Francois and should be vacated. As this court held in England, this kind of ban should be tolerated only in limited circumstances. It requires careful scrutiny and it should show that the record should show a relationship between that condition and the defendant's risk of recidivism or some other factor related to one of the sentencing goals. Here, the inclusion of this ban was plain error because the record does not show a reasonable relationship in this case between a ban on adult pornography and the goals of sentencing. The district court gave no justification. And in fact, there's no justification, explicit or implicit, in the record. In cases where a ban on a pornography has been upheld, it's common when there are certain factors that maybe suggest that it's related to sentencing. But none of those factors are present in Mr. Francois' case. There's no question of a history of addiction or problem with adult pornography. There's no history of sex offense or misbehavior with either adults or children. And there's no specific mental health evaluation or other evaluation indicating that Mr. Francois is in a state of a ban. If you accept, which this court has held, that we're not going to say it's okay to just automatically impose a ban on adult pornography in any child pornography case, and this court recognized this in Brown, although that was a summary order. If we accept that it's not an automatic, then there has to be a justification, and we don't have that here. There are no per se rules allowing this, and there's nothing in this record to support it. Although the government offers some hypothesizing without evidence for reasons why it might be necessary, we don't have that here. And the only sort of specific justification that the government offers that this can be upheld because it's merely a subcomponent of the mental health treatment that's part of his requirements, that still fails because there's no tailoring, there's no reasoning. And again, this court has made clear there has to be a connection. Here, effectively, the district court just adopted the probation department's unexplained imposition of this ban on adult pornography. There's no specific treatment plan that's at issue in this case. There's nothing that in any way ties this to Mr. Francois, his background, or the facts of this case. So endorsing the inclusion of this condition here, again, becomes effectively the imposition of a per se rule. Given the absence of any explanation or support for the imposition of this condition, and the lack of any self-evident justification in the record for it, this special condition should not have been imposed, and this Thank you very much. I'll turn, as we will in each of these cases, we'll turn now to questions from the bench in order of seniority. Judge Newman, who is on the line, will begin if he has any questions. Well, briefly, I take it there's no objection to the any condition that he cannot look at child pornography, is that right? That's correct. Well, doesn't the imposition of a condition that he can't look at adult pornography avoid any dispute or series of disputes about whether the object of a or the subject of some film was an adult or a minor? Well, there have been, you know, in other cases addressing these types of bans, the fact that there are, that child pornography can include adults in the pornography doesn't stop, it doesn't change the fact that adult pornography in and of itself is a separate category. It is legal, it is protected by the First Amendment, and the court has held that we're not going to treat that, obviously, that that's not treated the same as child pornography. And so a ban on child pornography doesn't inherently incorporate adult pornography. And the fact that there's no objection to the child pornography ban doesn't really, it doesn't speak to the propriety of the adult pornography ban. Well, perhaps I didn't make my question clear enough. Doesn't the inclusion of the adult pornography ban avoid any issue where there is a video of a not adults with children, but a single person? Doesn't the ban avoid any question about whether that person is, say, 17 or 19? Oh, I see. The idea of trying to make sure that we fully capture and exclude all child pornography, is that the concern that the fact of that something might appear to be adult pornography, but in fact include child pornography? I'm sorry if I'm not understanding Your Honor's question. Now you understand it precisely. Okay, great. Thank you. So just, I mean, in general, there is always an issue of, there can be a question in determining in pornography whether or not they're adults or children, certainly. There are other ways to address that. And this court hasn't said that as a way of making sure that we fully encompass all children, we're going to ban adult pornography as well. Certainly, that was not the reason given here by the district court. It was not a reason suggested by probation in imposing this. And it's not a reason that the court, this court has used to allow it in other cases where they, where this court has struck down bans on adult pornography. And so to the extent that an adult pornography ban could- Were those child pornography cases? Yes, that's correct. In the Brown case, he was convicted of child pornography and the court struck down a ban on possessing adult pornography. And actually in that case, the court as well struck down a ban on possessing naked images of children. And so certainly that also, naked images of children, raises questions as to when does it cross the line between naked images and what will be considered child pornography. But even with the fuzziness of that particular, those types of images, the court said, no, you can't impose a ban on possessing images of naked children without showing why it's justified. And so the, the fuzziness of perhaps a child pornography can raise some issues, but that still doesn't justify prohibiting this is not shown to be related to one of the sentencing goals as applied to Mr. Francois. All right. And just one other question. What do you say about the government's argument that this is not a total ban, but it is left, it is really part of the mental health experts judgment in a particular case? Well, I have two things. One, they're really mischaracterizing the nature of what is stated and what was imposed. The condition does not state if the mental health provider decides to impose a ban on adult pornography, it can. What the condition states is there's not going to be any access to adult pornography and the mental health provider has the potential to waive that. And so just on the face of it, it's a ban. But similarly, in looking at other conditions, this court, for example, in Sofsky, which involved a ban on internet access was worded in the same way. Basically in Sofsky, the ban said that the defendant would have no access to the internet unless the probation department approved it. And in characterizing that ban and ruling on that ban, this court called it appropriately a ban. And so the fact that a potential waiver does not change the fact that this is a ban. And in the absence of action by the mental health provider for the five years of Mr. Francois supervised release, he will be prohibited from accessing adult pornography and be subject to a violation if he does so. And so clearly, the fact that there's some potential waiver for this does not stop it from being a ban. Okay, thank you. That's all I have. Judge Hall. Thank you, Ms. Lee. Is there a form in which such a ban can be imposed? And I'm not putting that very well. Sorry, let me try again. Is there a way in which the default could be flipped such that the district court could say, if it wants to go this far, you may look at adult pornography unless it is determined by the mental health professionals that you should stop doing that, at which point they can stop you? Right. Well, effectively, that's how this should be interpreted as what's going on here. Because if the... Well, if it's interpreted that way, it's not a ban. Well, I'm saying, actually, in this book, I don't mean it should be interpreted that way. That should be what should have occurred had the court wanted to address it in this fashion. Because I think we do start from the presumption that adult pornography is allowed. And so if it's not going to be allowed, there has to be a reason given for it. Or perhaps, as your honor suggested, the court could have flipped it and said, look, I'm going to allow it and perhaps then give discretion to the mental health provider to ban it. But to do it the other way is problematic because we start from the presumption of it's allowable, it's constitutional, and it can only be justified when a specific need or connection is shown for it. And so that would have been allowable, perhaps if the court had flipped it and said, you're allowed, and unless they say you're not, that's a different issue. Perhaps there'd be a delegation challenge to that. But certainly, what we have here where the court is, in fact, saying the presumption is, in fact, barring the adult pornography when the presumption is it can't be automatically barred is what is the problem in this case. Thank you. That's all I have. Thank you. Ms. Lee, this is Judge Cabreras. Let me perhaps cover some of the same ground that my colleagues have touched on. But let me start with a simple proposition or question. What decree do you seek from us? What is the remedy? What is your claim here? Oh, I'm sorry. Go ahead. Yes. Your Honor, what we're seeking is to have this prohibition on accessing adult pornography, having it be stricken from the special conditions of supervised release. Well, the only thing you're seeking is, in effect, a remand by us to the district court for resentencing to accomplish that particular objective. Is that right? That's correct. Okay. Let me then turn to the problem, the substantive problem. And you've answered my colleague's questions about the term banning. And I guess this is banned from accessing adult pornography? I mean, is it not the case that he can access that material with the approval of his sex offense treatment provider? Well, I mean, he is banned in the absence of getting special permission. And so whether or not, I mean, the fact that it's not absolute, the fact that there are ways potentially to have that ban lifted does not stop it from, in the first instance, from the day that he is on, the first day he's on supervised release before he does anything, he's prohibited from doing this. He could seek relief from it. And if the provider denies it, if the provider doesn't even ever address it or acknowledge it, the ban is in place. And so I think, again, the fact that there's a or I shouldn't say most of these cases, but the wording of this type of language, the fact that, again, you can seek a waiver from probation or from the mental health treatment provider doesn't mean that the court doesn't scrutinize it and decide in the first instance, whether or not we can even start from this position of, no, you're not allowed to do this unless you get special permission. And so that kind of language has been treated, whether you want to call it a ban or not, it's a prohibition that has to be scrutinized and has to be justified. It's a condition, I guess we can agree, right? It's a condition of supervised release. It's a condition, correct. And it's a condition that's time limited, right? It only lasts during the duration of sex offense treatment. Isn't that right? That's actually not correct, Your Honor. Again, the language of the prohibition does not, in fact, say that the prohibition on adult pornography lasts only through the term of the mental health treatment. And so, in fact, the mental health treatment could last for 18 months. And if this ban, this prohibition is never addressed, he would still be prohibited from possessing it for the duration of the five-year duration of the supervised release. There is nothing in the language of the condition as stated by the judge or as stated in the written conditions that limits it, limits this prohibition to the term of the mental health treatment. That's not what the condition says. Thanks. Let me ask another question about the condition. You are not challenging the condition that he participated in a treatment program, is that right? That's correct. And I guess it's fair to say that the condition to which you object is one that is meant to effectuate the treatment program. We can agree on that much, I suppose. We can, Your Honor. Although I guess one thing I would note with regard to that is what we're talking about here, this isn't some specific treatment program that has already said, has already put in a requirement of don't look at adult pornography. What this is, you know, the condition basically says he should have mental health treatment, but there's no specific program. It hasn't been, there's no term, this is some undefined future program. And so the idea that this bar, this prohibition is necessary to effectuate the particular program is speculative because there is no particular program at issue. In fact, there's no reason, in fact, to particularly think that a ban on adult pornography is necessary to mental health offender treatment for child pornography, pornographers. In fact, it might just be the opposite of that. And so it's not as if this condition is part of some particular program that has already been set out and that we know that this condition enhances or that it's essentially a list of conditions and sort of presumptions that probation is making about what's going to be appropriate. Okay. Now I think I've exhausted my questions, but before we ask for the government's counsel to begin, let me ask my colleagues, Judge Newman and Judge Hall, whether they have any additional questions. Judge Newman? Yeah, I do have one. As I understand your argument or the condition itself, there is authority in the mental health provider to grant permission to view adult pornography. Is that correct? That's correct. And I'm just wondering how you understand the condition would work in practice. Let me expand the question. Let's say the appellant wants to view adult pornography. Does he go to the treatment provider with sort of an up or down question? I wish to view adult pornography. And the provider either says yes or no, or is it a video by video? He says, here's a video I heard about. He describes it. I haven't seen it yet, he says, but I'd like to see it. And does the mental health provider then have to make a video by video permission, or is it an all or nothing provision? Yes, you can see adult pornography, or no, you cannot. How do you think it would work if we did not touch it? Well, I mean, that's of course part of what the problem is because the condition doesn't specify. It puts the mental health treatment provider in an odd position in terms of making this determination. And frankly, it would be more likely to leave the mental health provider to not bother and just say, look, we're not going to allow. And so there's every reason to think that the implementation of this condition would be problematic, and frankly, very likely to result in a provider just barring it altogether, rather than trying to make individual determinations or ask if he went to them and said, look, I'm interested in looking at this, that they're going to make an image by image or a circumstance by circumstance determination, more than likely, it's just going to be denied because there's nothing in the language of the condition that makes clear how this would work. Okay. Judge Newman, any other questions? No, thank you. Judge Hall? No further questions, thank you. Okay, we'll hear from counsel for the United States. Thank you, Your Honor. May it please the court. My name is Eleanor Tarlow. I am an assisting United States attorney in the Southern District of New York. I represent the United States in this appeal as I did in the district court. In this case, the district court did not commit plain error by requiring that the defendant, as part of his sex offender treatment program, obtain approval from his treatment provider before he viewed or downloaded pornography that involved adults. The district court did not completely ban the defendant from viewing or downloading adult pornography. Instead, as is evident from the record, the district court narrowly tailored this special condition to reasonably meet the sentencing goals in this case, including to protect the public and to ensure that the defendant does not recidivate. The district court's imposition of the challenge special condition of supervised release should be affirmed. So first, the district court did not impose a complete ban on the defendant viewing or downloading pornography that involves adults. That's because the district court required that the defendant participate in a sex offender evaluation and treatment program. And as part of that program, the district court imposed certain conditions. So those were the conditions of, for example, waiving confidentiality of certain records, limitations on the use of social media, but also this particular condition. So he could not view or download pornography involving adults without the approval of a treatment provider. And so therefore, the restriction on adult pornography was just imposed as part of his And for that reason, this case is distinguished from cases cited by defense counsel that invalidated the broadband on adult pornography, which were untethered to a treatment program. Second, regardless of how the court views the condition, whether it's a ban, complete or not complete, the record supports that the district court did not plainly err in determining that this condition was reasonably related to sentencing goals and that there was no greater deprivation than necessary. The record is clear that the district court imposed the sex offender evaluation treatment condition to ensure that the defendant was rehabilitated and that he would not re-offend. The defendant does not appear to challenge the appropriateness of that general condition. And for similar reasons, it is reasonable for the district court to impose this particular restriction on adult pornography as part of that evaluation and treatment until a provider determined it was appropriate for him to view or download adult pornography. And that aspect of the treatment program was reasonably relevant to the goals of preventing recidivism. It protects the public for a number of reasons that are evident in the record. So first, as the district court noted at sentencing, the defendant has shown a high risk for recidivism. He was previously convicted for possessing child porn. He was required to complete a treatment program. And then he possessed child pornography again while on probation for his first offense. And his past history as well as the nature and circumstances of this offense show that his attraction to child pornography, at least in part, is based on viewing sexual acts involving adults as well. So with respect to this case, as is evident in the record, the child pornography that he possessed included images that depicted children and adults engaged in sexual acts together. At the time he pled guilty to his first offense involving child pornography, he indicated that he had been initially introduced to websites that contained images of children having sex with adults. And third, in an evaluation report that was conducted of him in 2018, it was noted that he described that his sexual infanticides involved both adults and a particular minor boy. So your honors, in light of the ample case law that supports even broader restrictions on adult pornography, as well as the record in this case, including the nature and circumstances of the incident offense, as well as his own history, the district court did not plainly err in approving this limited restriction on the defendant's viewing or downloading pornography that involves adults. Thank you very much. Does Judge Newman have any questions? Yeah, I do. Thank you. Was the condition as we see it now in the pre-sentence report? Yes, your honor, it was. And that is on page 28 of the pre-sentence report. And there was no objection to the condition at sentencing, is that correct? That's correct. So that if there were to be any refinement by a sentencing judge as to who goes first or the scope of it or whether it's or anything of that sort, that was available for discussion at sentencing had it been raised? Yeah. That's all I have. Judge Hall. Ms. Tarlo, do you read our jurisprudence to say, I will add the word, however, that the district court needs to have made some findings essentially to explain why this appeal? Your honor, there are several cases that state that the district court does not need to explicitly state for each condition the basis for imposing that condition, but that it must be self-evident in the record. And so that's United States versus Adam, among other cases. And why is it self-evident in this record? For several reasons. First, because it is a part and parcel of the evaluation and treatment that the district court determined was appropriate for the defendant's rehabilitation. But more particularly with respect to the reason for imposing a condition as part of that treatment evaluation that he not view adult pornography because of the defendant's instant offense, which involved images of both adults and children, as well as his prior offenses, which involved similarly evidence that he was attracted to viewing pornography that involved both adults and children. Don't you agree it would help us if the district court had laid that out a little more explicitly instead of our having to dig it out of the record? Your honor, the cases respectfully that are before the court and the circuit say that it need only be self-evident in the record. And therefore, although it may be easier for this court to assess if the district court has been explicit and stated it, the standard appears to be only that there is a basis in the record for that finding that's reasonably relevant to set in single. So it's self-evident if we three happen to be clinical psychologists, but a little difficult if we don't have that training? Well, your honor, we would respectfully submit that there are facts in the record that show that the district court acted reasonably in determining that based on the defendant's prior offense and the instant offense, which seemed to show that he, viewing adult pornography might serve as a gateway to recidivating, that he acted reasonably in determining that in order to ensure he does not recidivate, that in the first instance, he'd be prohibited from viewing adult pornography as part of his evaluation treatment. And that if a medical professional thereafter determined it was not necessary to impose that condition, that that condition would be removed. It would just seem to me, and maybe I am missing something and I apologize if I am, but that if the district court had connected the dots for us, we might not even be having this discussion, but I don't see where the dot connection took place. And your honor, I think there have been several cases that have been in similar circumstances where the district court did not state or did not articulate the explicit reasons for a particular condition, but again, this court found that because there was a sufficient basis in the record, as we would submit as the case here, that that was enough. Thanks very much, Ms. Carlo. Ms. Carlo, Judge Cabrera is here. I think we all, the three of us understand your argument, but in the most recent case involving adult pornography, that would be U.S. against Eaglin, right? Yes, your honor. 2009, yes, 2019, 9-1-3-F-388. And to follow up on the questions asked by Judge Hall, the language that was used in that case is, and I'll take the liberty of quoting, we said that, quote, bans on possession of adult pornography as a condition of supervisory lease must be supported on the record by detailed factual findings establishing that the proposed ban is reasonably related to the sentencing factors set forth in 18 U.S.C. section 3553a, and that it is reasonably necessary to accomplish their objectives, unquote. So the relevant languages must be supported on the record by detailed factual findings. I think you may be right that with respect to other conditions of probation, we have not asked for this amount of effort on the part of the district court. But I think in Eaglin, we did ask, if not in other situations, certainly in the area of adult pornography, where First Amendment concerns necessarily surfaced, we have perhaps created a more rigorous test than we would apply in the case of other conditions of a probation. Is that correct? Is that a fair statement, or is there something you would wish to comment on this? Your Honor, I would just point, Your Honor, to several other cases in this court which have included language that the condition, the district court need not provide explicit statements regarding the connection between the conviction and any sentencing rules, and instead, as I said, the records need to be self-evident. And so one of those cases would be United States v. Adams, which I can provide the site to Your Honors for. Was that case anti-date, the Eaglin Second Circuit 2018, as well as a recent summary order, United States v. Sunk, which can be found at 2020-521869, which was decided on February 3, 2020. Thanks very much, Ms. Tarlow. Let me ask if Ms. Lee has anything to add by way of reply. Yes, thank you, Your Honor. Just two points. First, with regard to what's in the record to justify this. The record is very clear that the district court did not offer an explicit or detailed finding to justify it. And in fact, the factors that my adversary has pointed to in the record don't support it either. First of all, with regard to the idea that because Mr. Francois has a prior conviction for child pornography, that that justifies the imposition of this condition. In fact, in cases like Eaglin and Brown and Singer, those defendants as well had prior convictions either for child pornography or for child-related sex offenses. Nonetheless, in those cases, this court still struck down the adult pornography ban. In addition, with regard to the idea that there are other factors here that might justify a ban, the factors in cases like Adams, where in cases like Adams, for example, that particular defendant had, again, prior sexual conduct with regard to both children and adults. And in that case, the Adams case specifically, the defendant himself had proposed a health treatment plan that included this particular adult pornography ban. None of those circumstances, none of the special factors that might justify a ban and that have been looked at in other cases, none of those are here in this case. There's no prior history of sex offending with children or adults, and there's no history of adult pornography addiction or anything of that quite distinct from the limited number of cases where these types of prohibitions have been allowed. And then finally, I would just remind the court that with regard to this fact of this not being objected to, on several occasions in cases such as Brown and Singer, the court has found the inclusion of this type of condition to be plain error and has reversed on that basis. Thanks very much. Judge Newman, do you have any questions? No, I don't. Thank you. Judge Hall? Nothing further. Thank you. Fine. The matter will be submitted for decision, and we thank both